IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03318-CMA-SKC

RENEE SWEET,

    Plaintiff,

v.

DOUGLAS COUNTY, STATE OF COLORADO, and
DOUGLAS COUNTY BOARD OF COUNTY COMMISSIONERS,

    Defendant.

## ORDER

This matter is before the Court on the following:

(1) Recommendation of United States Magistrate Judge S. Kato Crew (Doc. # 25);

(2) Nonparty Jeff Buske's Motion to Intervene (Doc. # 26);

(3) Plaintiff Renee Sweet's Motion to Substitute or Join as Plaintiff (Doc. # 27); and

(4) Jeff Buske's Motion to Substitute or Join as Plaintiff (Doc. # 28).

For the following reasons, the Court affirms and adopts Magistrate Judge Crews's Recommendation that the case be dismissed. The Court denies the motions filed by Sweet and Buske.

### I.    BACKGROUND

This case arises from a zoning enforcement action. Plaintiff, Renee Sweet, owns property in Douglas County. (Doc. # 5, ¶ 8). Douglas County initiated a zoning

1

enforcement action against Sweet, which is currently being litigated in Colorado state court. (Doc. # 5, ¶¶ 8-12). Sweet then filed a lawsuit in this Court asking the Court to explain to her "the legal difference between an Ordinance and a Resolution . . . so that [she] may make a proper defense to the State Case." (Doc. # 5, ¶¶ 2, 12). Douglas County moved to dismiss the action, arguing, among other things, that Plaintiff's federal claim is barred by the *Younger* abstention doctrine. (Doc. # 16; *Younger v. Harris*, 401 U.S. 37 (1971)). This Court referred the motion to Judge Crews, who agreed with the County. (Doc. # 25). Judge Crews issued a written Recommendation that the case be dismissed under *Younger*. (Doc. # 25). Neither party objected to Judge Crews's recommendation.[1]

Plaintiff now seeks to avoid dismissal by "transferring" her interest in this case to nonparty Jeff Buske. Both Buske and Sweet have filed motions "to substitute or join [Buske] as Plaintiff. . . so as to moot the *Younger* abstention as a bar to prosecuting this case." (Docs. ## 26, 27).[2] Buske has also filed a motion to intervene, arguing that "Buske and everyone else in the State of Colorado . . . have a substantial legal interest in the subject matter of [Sweet's] case," and therefore have a right to intervene. (Doc. # 26, ¶ 5).

---

[1] Judge Crews advised the parties that specific written objections were due within 14 days after being served with a copy of the Recommendation. (Doc. #25, p. 8). Neither party filed a timely objection to the Magistrate Judge's Recommendation.

2

## II.     LEGAL STANDARD

Because Plaintiff and Buske are litigating pro se, the Court will construe their pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Hall*, 935 F. 2d at 1110. However, the Court should not act as a pro-se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997). Pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.     ANALYSIS

### A.     MAGISTRATE JUDGE RECOMMENDATION

Judge Crews recommends dismissing Plaintiff's claims under the *Younger* abstention doctrine. *Younger* "prevents the federal district court from interfering in an ongoing state proceeding." *Hennelly v. Flor de Maria Oliva*, 237 Fed.Appx. 318, 319 (10th Cir.2007). *Younger* applies when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

3

*Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). If those three conditions exist, "Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* (quoting *Crown Point I, LLC*, 319 F.3d at 1215). Judge Crews found that all three *Younger* conditions exist in this case, and that Sweet's case is therefore barred by the *Younger* abstention doctrine. Neither party objected to Judge Crews's Recommendation.

"In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Applying this standard, the Court is satisfied that Judge Crews's Recommendation is sound and well-reasoned, and the Court finds no clear error on the face of the record. *See* Fed.R.Civ.P. 72(a). Therefore, the Court affirms Judge Crews's Recommendation and dismisses Sweet's claims.

**B.     MOTIONS TO INTERVENE, SUBSTITUTE, OR JOIN AS PLAINTIFF**

Sweet now seeks to avoid dismissal by substituting Jeff Buske as the plaintiff in this case. Sweet and Buske apparently believe that they can avoid application of *Younger* by simply having Buske stand in for Sweet. This belief is incorrect.

No matter whose name appears on the pleadings, there is no dispute that the claims at issue in this case are currently being litigated in state court. (Doc. # 5, ¶¶ 8-

12). *Younger* "prevents the federal district court from interfering in an ongoing state proceeding." *Hennelly v. Flor de Maria Oliva*, 237 Fed.Appx. 318, 319 (10th Cir.2007). Because the operative Complaint asks this Court to interfere in an ongoing state proceeding (Doc. # 5, ¶¶ 8-12, 38-39), the case is barred by *Younger*, and it must be dismissed. Substituting Buske for Sweet would not save this case from dismissal.

Further, Buske's motion to intervene must be denied because Buske has failed to establish that he is entitled to sue in his own right. Under F.R.C.P. 24(a), a person must be allowed to intervene if (1) that person "claims an interest relating to the property or transaction that is the subject of that action"; (2) disposing of the action without that person's involvement "may as a practical matter impair or impede the movant's ability to protect its interest," and (3) the existing parties do not adequately represent that interest. F.R.C.P. 24(a)(2). Further, under Rule 24(b), a person may be allowed to intervene if they are given a conditional right to intervene by federal statute or if they have a claim or defense that shares a common question of law or fact with the main action. Buske has failed to show that he is entitled to intervene under either Rule 24(a) or Rule 24(b).

First, Buske has failed to demonstrate any legal interest in "the property or transaction that is the subject of [this] action." F.R.C.P. 24(a). The property at issue in this case is Sweet's property in Douglas County. (Doc. # 5, ¶¶ 8-12). Buske does not claim to have any legal interest in that property, and he has failed to show that he has any legal interest in any transaction affecting that property. (*See generally*, Doc. # 26). Further, Buske fails to explain how his interests would be harmed if the Court disposes

of of Sweet's case without his involvement would impair his interests. Thus, Buske has failed to establish a right to intervene under Rule 24(a).

Next, Buske has failed to demonstrate that he has a claim that shares a common question with the main action. (F.R.C.P. 24(b)). Indeed, Buske fails to articulate any claim at all. Buske's motion to intervene merely states that "the claims offered by Buske share substantial questions of law and fact with the main action." (Doc. # 26, ¶ 8). But Buske fails to explain what those claims are. And, although Buske contends that he has some "interests" that "commingle with the exact same fact-pattern and legal interests" as Sweet's action, he fails to actually define those interests. (Doc. # 26, p. 2). Nothing in Buske's motion establishes how Buske is connected to this case; what claims he intends to pursue; or why he has standing to pursue those claims. Therefore, Buske has failed to establish a right to intervene in this case, and his motion to do so is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Recommendation of Magistrate Judge Crews (Doc. # 25) is AFFIRMED and ADOPTED as an order of this Court, and Plaintiff's claims are DISMISSED. It is

FURTHER ORDERED that nonparty Jeff Buske's Motion to Intervene (Doc. # 26)

is DENIED; Plaintiff's Motion to Substitute or Join as Plaintiff (Doc. # 27) is DENIED; and nonparty Jeff Buske's Motion to Substitute or Join as Plaintiff (Doc. # 28) is DENIED.

The Clerk is directed to close this case.

DATED:  August 3, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge